UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD CARL HOWARD II,

                Petitioner,

v.

STATE OF WASHINGTON,

                Respondent.

Case No. C14-1854-RAJ-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Richard Howard is a state prisoner who is currently confined at the Airway Heights Corrections Center in Airway Heights, Washington. He has filed a petition for federal habeas relief under 28 U.S.C. § 2254 seeking to challenge a 2012 judgment and sentence of the King County Superior Court. The petition has not been served on respondent. Following a careful review of the petition, and the balance of the record, this Court concludes that petitioner's federal habeas petition should be dismissed without prejudice for failure to exhaust state court remedies.

DISCUSSION

Petitioner identified in his federal habeas petition three grounds for relief from his 2012

REPORT AND RECOMMENDATION
PAGE - 1

King County Superior Court judgment and sentence. (*See* Dkt. 8 at 5-9.) Petitioner indicated with respect to each claim that he had presented the claim to the Washington Court of Appeals on direct appeal and/or on collateral review. (*See id.*) However, nowhere in his petition did petitioner indicate that he had presented any of his claims to the Washington Supreme Court for review. Because it appeared from the face of the petition that petitioner's claims were unexhausted and therefore ineligible for federal habeas review this Court, on December 23, 2014, issued and Order directing petitioner to show cause why his petition should not be dismissed. (Dkt. 7.) On January 5, 2015, petitioner submitted a response to the Order to Show Cause, but nowhere in his response does petitioner address the exhaustion issue. (*See* Dkt. 10.) Petitioner instead appears to argue the merits of the claims upon which he is seeking review. (*Id.*)

As petitioner was advised in the Order to Show Cause, a state prisoner is required to exhaust all available state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971)(internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Because petitioner makes no showing that he has presented any of his federal habeas claims to the Washington Supreme Court for review, this Court concludes that petitioner's claims are unexhausted and are therefore ineligible for federal

REPORT AND RECOMMENDATION
PAGE - 2

habeas review.

## CONCLUSION

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition and this action be dismissed without prejudice. A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter. This Court therefore recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the

/ / /

/ / /

matter will be ready for consideration by the District Judge on **February 27, 2015**.

DATED this 30th day of January, 2015.

Mary Alice Theiler
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4